**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4774**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LLOYD MACK ROYAL, III,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge. (8:09-cr-00048-TDC-1)

Submitted: October 31, 2018                    Decided: November 6, 2018

Before WILKINSON, KING, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Baltimore, Maryland, Joanna Silver, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. John M. Gore, Acting Assistant Attorney General, Thomas E. Chandler, Dayna J. Zolle, Civil Rights Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lloyd Mack Royal, III, was resentenced to 360 months of imprisonment for conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 371 (2012), three counts of sex trafficking minor victims by force, fraud, or coercion, in violation of 18 U.S.C. § 1591 (2012), conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846 (2012), and two counts of distribution of cocaine and PCP to persons under the age of 21, in violation of 21 U.S.C. § 859 (2012). Royal challenges his sentence, arguing that it is substantively unreasonable because the district court did not sufficiently take into consideration the totality of the circumstances of Royal's abusive home life and postoffense rehabilitation. Finding no error, we affirm.

"As a general matter, in reviewing any sentence whether inside, just outside, or significantly outside the Guidelines range, we review for an abuse of discretion." *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017) (internal quotation marks omitted). We must first ensure that the district court did not commit a significant procedural error. *Gall v. United States*, 552 U.S. 38, 51 (2007). If there is no procedural error, we then assess the substantive reasonableness of the sentence, taking into account the totality of the circumstances. *Gall*, 552 U.S. at 51. It is well established that "[a] within-Guidelines range sentence is presumptively reasonable." *United States v. White*, 850 F.3d 667, 674 (4th Cir.), *cert. denied*, 137 S. Ct. 2252 (2017).

Royal contends that the district court did not sufficiently weigh or consider the evidence of his childhood trauma of an abusive home life, which was not included in the first presentence report or presented at the original sentencing hearing. Royal also sought

2

a lower sentence based on his postoffense rehabilitation. We conclude that Royal's sentence is substantively reasonable. The district court responded to defense counsel's arguments meaningfully, and explained its chosen sentence. The court recognized the traumatic experiences witnessed and experienced by Royal as a youth and also that Royal appeared to have vastly improved his life while in prison, even in the face of a lengthy sentence.

"A defendant's disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-Guidelines sentence," *United States v. Isgar*, 739 F.3d 829, 842 (5th Cir. 2014) (internal quotation marks omitted). Because there is a range of permissible outcomes for any given case, an appellate court must resist the temptation to "pick and choose" among possible sentences and rather must "defer to the district court's judgment so long as it falls within the realm of these rationally available choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007); *see United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) (observing that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors"); *United States v. Carter*, 538 F.3d 784, 790 (7th Cir. 2008) (noting substantive reasonableness "contemplates a range, not a point" (internal quotation marks omitted)). With these standards in mind, we conclude that there was no abuse of discretion because the district court considered, but rejected, the arguments proffered by the defense in favor of a lower sentence, and rationally found that a 360-month sentence was appropriate considering the totality of the circumstances.

3

We therefore affirm Royal's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*